J-S54035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| v. | : | |
| SHAIMIK C. FREZZELL | : | |
| Appellant | : | No. 306 WDA 2017 |

Appeal from the PCRA Order January 12, 2017
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000589-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| v. | : | |
| SHAIMIK C. FREZZELL | : | |
| Appellant | : | No. 313 WDA 2017 |

Appeal from the PCRA Order January 12, 2017
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000589-2010

BEFORE:   OTT, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED AUGUST 28, 2017**

Appellant, Shaimik C. Frezzell, appeals *pro se* from the order dismissing as untimely his serial petition for relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Appellant contends, *inter alia*, that his petition falls within a time-bar exception of the PCRA, and that

---

[*] Former Justice specially assigned to the Superior Court.

the PCRA court erred in finding that his claims that have been previously litigated. We affirm.

The procedural history of this case is as follows. A jury found Appellant guilty of robbery of a motor vehicle,[1] robbery,[2] and related offenses. The trial court sentenced Appellant to an aggregate ten to twenty years' imprisonment on October 27, 2010.[3] This Court affirmed the judgment of sentence finding that Appellant's vague Pa.R.A.P. 1925(b) statement failed to preserve any issue for appeal. ***Commonwealth v. Frezzell***, 1785 WDA 2010 (Pa. Super. filed Aug. 9, 2011) (unpublished memorandum). Appellant did not petition the Pennsylvania Supreme Court for allowance of appeal.

The PCRA court received Appellant's first *pro se* PCRA petition on February 3, 2012, and appointed counsel. On May 15, 2012, the PCRA court denied the petition following a hearing. On May 29, 2012, the PCRA court granted appointed counsel's motion to withdraw from representation, and new counsel was appointed. Appellant did not take an appeal.

---

[1] 18 Pa.C.S. § 3702(a).

[2] 18 Pa.C.S. § 3701(a)(1)(ii).

[3] The trial court sentenced Appellant to ten to twenty years' imprisonment for robbery, which fell within the standard range of the sentencing guidelines based on Appellant's prior record score as a repeat violent offender. There is no indication that the Commonwealth sought, or that the trial court applied, a mandatory minimum sentencing provision.

On January 11, 2013, Appellant filed a second *pro se* PCRA petition. The PCRA court appointed new counsel. Appellant filed another *pro se* PCRA petition on September 9, 2013. Counsel filed a motion to withdraw pursuant to **Turner**/**Finley**,[4] which the trial court granted on December 6, 2013. The court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition on June 12, 2014, and dismissed the petition on August 6, 2014. However, new counsel did not file an appeal.

Appellant continued to file *pro se* motions, including motions to (1) modify and correct an illegal sentence based on **Alleyne v. United States**, 133 S. Ct. 2151 (2013), and (2) modify and reduce sentence, which the PCRA court denied on November 6, 2015.[5] On June 16, 2016, Appellant filed a *pro se* motion for inspection of documents of discovery to support his sentencing claims. The PCRA court denied the motion on August 8, 2016, noting that all appeals and PCRA proceedings were exhausted.

On December 9, 2016, the PCRA court received Appellant's fourth *pro se* PCRA petition giving rise to this appeal. The PCRA court issued a Rule 907 notice of its intent to dismiss the petition, to which Appellant filed a *pro se* response. On January 12, 2017, the PCRA court dismissed the petition,

---

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[5] Appellant's motion to correct an illegal sentence constitutes a third PCRA petition, while his motion to modify his sentence constitutes an untimely post-sentence motion.

opining that it was untimely and raised issues that were previously litigated. PCRA Ct. Statement in Lieu of Op., 3/22/17, at 1.

Appellant filed a *pro se* motion for judgment in the Pennsylvania Supreme Court, which was postmarked February 14, 2017, and received by the Pennsylvania Supreme Court on February 15, 2017. That filing was transferred to the PCRA court on February 17, 2017, and was docketed as an appeal at 306 WDA 2017. A second *pro se* filing, entitled as a notice of appeal, was received by the PCRA court on February 21, 2017, and was docketed at 313 WDA 2017. Appellant complied with the PCRA court's order to submit a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. This Court *sua sponte* consolidated the appeals.

Preliminarily, we must consider whether Appellant's appeals are properly before this Court. It is well settled that an appeal must be taken "within [thirty] days after the entry of the order" being appealed. Pa.R.A.P. 903. The prisoner mailbox rule provides that an appeal by a *pro se* prisoner is deemed filed when the prisoner "deposits the appeal with prison authorities and/or places it in the prison mailbox." ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (citations omitted). The "prisoner mailbox rule extends to all appeals by pro se prisoners." ***Id.*** The prisoner bears the burden of establishing he delivered the appeal in a timely manner. ***Id.***

Here, the PCRA court's order dismissing Appellant's fourth PCRA petition was docketed and served on January 12, 2017. The last day for

- 4 -

appeal was Monday, February 13, 2017. ***See*** 1 Pa.C.S. § 1908; Pa.R.A.P. 903. Appellant signed certificates of service indicating that he prepared and placed in the mail his *pro se* motion for judgment and his notice of appeal on February 10, 2017, the Friday before the last day to take an appeal. However, the envelopes for these filings were postmarked February 14 and 15, 2017, respectively. Thus, Appellant's appeal may be deemed untimely, unless Appellant adduces further proof that he timely deposited his filings with prison officials. However, we decline to remand this matter to determine whether Appellant's filings were delivered to prison officials in a timely manner, as our review of Appellant's *pro se* brief in light of the record reveals there is no need to expend further judicial resources in this matter.

This Court has stated:

> Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of the record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.
>
> Before addressing the issues presented on appeal, we must determine whether Appellant's instant PCRA petition was timely filed. Our Supreme Court has stressed that [t]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed. It is well settled that [a]ny and all PCRA petitions must be filed within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions applies. A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United

States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

*Commonwealth v. Garcia*, 23 A.3d 1059, 1061-62 (Pa. Super. 2011) (footnote, citations, and quotation marks omitted).

The PCRA provides:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  "The petitioner bears the burden to allege and prove [that] one of the timeliness exceptions applies.  A PCRA petition invoking one of these statutory exceptions must be filed within 60 days of the date the claims could have been presented."  *Garcia,* 23 A.3d at 1062-63 (citations and quotation marks omitted).

Instantly, this Court affirmed the judgment of sentence on August 9, 2011, and the sentence became final on September 8, 2011, when the time for seeking allowance of appeal in the Pennsylvania Supreme Court elapsed. *See* Pa.R.A.P. 1113. Thus, Appellant had until September 10, 2012, to file a facially timely PCRA petition, and the instant petition, filed in December of 2016 was untimely on its face. *See* 42 Pa.C.S. § 9545(b)(1), (3).

A review of Appellant's petition and his brief reveals that Appellant sought to litigate claims of alleged prosecutorial misconduct and other trial errors. However, Appellant has failed to plead or prove any exception to the PCRA time bar, namely, that he was prevented from raising his claims by governmental interference, or that the claims could not have been raised previously due to an unknown fact or new constitutional rule held to be retroactive. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Moreover, his brief raises a boilerplate accusation that the PCRA court obstructed his ability to raise a claim by denying his June 2016 *pro se* motion for inspection of documents in support of a purported sentencing claim. However, this assertion fails to establish an exception to the PCRA time bar or even the existence of a potentially meritorious claim.[6] Thus, we affirm the PCRA court's order dismissing the instant petition.

---

[6] For example, Appellant's petition refers to the proposition that the Commonwealth must disclose exculpatory materials, but fails to establish that the Commonwealth withheld any exculpatory materials in this case. Similarly, his brief refers to governmental obstruction based on the denial of

J-S54035-17

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2017

---

his June 2016 motion for inspection of documents. However, Appellant was apparently in possession of the trial transcripts, which he cites in support of his underlying claims for relief.

- 8 -